**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEVIN DODSON,<br><br>               Plaintiff,<br><br>        v.<br><br>ALLIED UNIVERSAL SECURITY<br>COMPANY, *et al.*<br><br>               Defendants. | Case No. 2:24-cv-00240 (BRM) (JBC)<br><br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are multiple unopposed motions to dismiss Plaintiff Kevin Dodson's ("Plaintiff") Complaint. (ECF No. 1.) The first motion before the Court is Defendants Township of Union[1] ("Union Township"), Union Township Clerk ("Clerk"), and Union Township Administrator's ("Administrator") (together, "Union Township Defendants") Motion to Dismiss (ECF No. 7) Plaintiff's Complaint (ECF No. 1) pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6). The Union Township Defendants filed a response in support of the Motion to Dismiss on March 25, 2024. (ECF No. 16.) The second motion before the Court is Defendants Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Allied Universal")[2] and Warburg Pincus LLC's[3] ("Warburg Pincus") (together, "Allied Universal Defendants") Motion to Dismiss (ECF No. 10) Plaintiff's Complaint (ECF No. 1)

---

[1] Pled in the Complaint as "Union Twp Office." (ECF No. 1 at 2.)

[2] Pled in the Complaint as "Allied Universal Security Company." (ECF No. 1 at 4.)

[3] Pled in the Complaint as "CDPQ Warburg Pincus Private Equity Company." (ECF No. 1 at 4.)

pursuant to Federal Rule of Civil Procedure 12(b)(6). The Allied Universal Defendants filed a response in support of the Motion to Dismiss on June 14, 2024. (ECF No. 18.) The third motion before the Court is Defendant JPMorgan Chase Bank, N.A.'s[4] ("JPMorgan") Motion to Dismiss (ECF No. 14) Plaintiff's Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6). The fourth motion before the Court is Defendant Bank of America, N.A.'s ("Bank of America")[5] (ECF No. 15) Motion to Dismiss Plaintiff's Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6). The fifth motion before the Court is Defendant Borough of Conshohocken Authority's ("Conshohocken Authority") (ECF No. 17) Motion to Dismiss Plaintiff's Complaint (ECF No. 1) pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6) (each of the moving defendants are together referred to as the "Moving Defendants").[6] Having reviewed the submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, the Motions to Dismiss (ECF Nos. 7, 10, 14, 15, 17) are **GRANTED** and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as to the Moving Defendants.

---

[4] Pled in the Complaint as "Headquarters JPMorgan Chase & Co" and "JPMorgan Chase & Co." (ECF No. 1 at 2–3.)

[5] Pled in the Complaint as "Bank of America's Headquarters" and "Bank of America." (ECF No. 1 at 2–4.)

[6] Defendants "West Conhoshoken Boro Hall" (ECF No. 1 at 2), "Conshoshoken Borough Administrative Office" (*id.*), "Conshocken Building Insptr" (*id.*), "City Of Charlotte" (*id.*), "Old City Hall" (*id.*), "Charlotte City Manager" (*id.*), and "The White House" (*id.* at 3) did not participate in the motions to dismiss.

I.    BACKGROUND

A.    **Factual Background**

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *see also Curlin Med. Inc. v. ACTA Med., LLC*, Civ. A. No. 16-2464, 2016 WL 6403131, at *2 (D.N.J. Oct. 27, 2016) ("When reviewing a facial challenge under Rule 12(b)(1), Rule 12(b)(6)'s standards apply – requiring that the Court must accept all factual allegations in the Complaint as true, and that the Court may only consider the Complaint and documents referenced in or attached to the Complaint."); *Admiral Ins. Co. v. Snap Transloading, LLC*, Civ. A. No. 21-10392, 2022 WL 102259, at *2 (D.N.J. Jan. 10, 2022) ("A facial attack 'challenges the subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to "consider the allegations of the complaint as true."'" (quoting *Davis v. Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)).

Although Plaintiff's Complaint is somewhat unclear, because Plaintiff is proceeding *pro se*, the Court attempts to glean his factual allegations and legal claims through liberal construction of his pleading. *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005); *Cooke v. Experian Info. Sols., Inc.*, Civ. A. No. 22-05375, 2024 WL 1142214, at *2 (D.N.J. Mar. 15, 2024) ("When considering a motion to dismiss the complaint of a *pro se* litigant, courts must bear in mind that such pleadings are held to less stringent standards than more formal pleadings drafted by lawyers."); *Huff v. Atl. Cnty. Just. Facility*, Civ. A. No. 20-9761, 2021 WL 307303, at *2 (D.N.J. Jan. 29, 2021) ("Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." (quoting *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339–40 (3d Cir. 2011))).

This case arises from Plaintiff's reduced working hours as a security guard due to his employer's objection to his face tattoo. Allied Universal informed Plaintiff he could no longer work at a financial center due to his face tattoo. (ECF No. 1 at 5.) Plaintiff had been working for Allied Universal since February 2023, and his ID picture was shown on all his IDs. (*Id.*) Allied Universal intended to place Plaintiff at other banks, but never sent Plaintiff a 40-hour schedule until January 12, 2024. (*Id.*) Plaintiff never received a full-time 40-hour work shift. (*Id.*) Unspecified defendants made 1.4 billion false statements against Plaintiff in the work schedules since he began working and via text messages in the city of Newark, New Jersey. (*Id.*) No one else was involved with Plaintiff's shifts. (*Id.*) Asia Lewis and Rosa Nelson witnessed the events in the Complaint. (*Id.*)

Since the events in the Complaint, Plaintiff has suffered "headaches, loss of appetite of food, stress, depressions [*sic*], [and] head pain." (*Id.* at 6.) Plaintiff took over the counter pain medications to manage these symptoms. (*Id.*)

From the facts of the Complaint, the Court construes the Complaint as bringing claims against all named defendants for violation of Title VII of the Civil Rights Act of 1964 at 42 U.S.C. § 2000e ("Civil Rights Act"), the New Jersey Law Against Discrimination ("NJLAD"), the New Jersey Wage and Hour Law ("NJWHL"), the Pennsylvania Wage Payment and Collection Law ("PWPCL"), the New York Minimum Wage Act ("NYMWA"), the North Carolina Wage and Hour Act ("NCWHA"), and defamation.

**B.    Procedural History**

Plaintiff filed his Complaint on January 12, 2024. (ECF No. 1.) On January 22, 2024, Plaintiff filed a Motion for Leave to Amend the Complaint. (ECF No. 4.) On February 6, 2024, Plaintiff filed a second Motion for Leave to Amend the Complaint. (ECF No. 5.) The Union

Township Defendants filed a Motion to Dismiss Plaintiff's Complaint on February 26, 2024. (ECF No. 7.) The Allied Universal Defendants filed a Motion to Dismiss Plaintiff's Complaint on February 26, 2024. (ECF No. 10.) JPMorgan filed a Motion to Dismiss Plaintiff's Complaint on March 8, 2024. (ECF No. 14.) Bank of America filed a Motion to Dismiss Plaintiff's Complaint on March 13, 2024. (ECF No. 15.) The Union Township Defendants filed a response in support of its Motion to Dismiss on March 25, 2024. (ECF No. 16.) Conshohocken Authority filed a Motion to Dismiss Plaintiff's Complaint on March 27, 2024. (ECF No. 17.) The Allied Universal Defendants filed a response in support of their Motion to Dismiss on June 14, 2024. (ECF No. 18.) The Court denied without prejudice Plaintiff's Motions for Leave to Amend his Complaint (ECF Nos. 4, 5) on July 31, 2024 (ECF No. 19). Plaintiff has not responded to any of the motions to dismiss.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ. A. No. 12-3922, 2013 WL 1163483, at *2 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd*, 39 F.3d 61 (3d Cir. 1994)). "In order to have subject matter jurisdiction, a District Court must be able to exercise either federal question jurisdiction or diversity jurisdiction." *Trinh v. Off. of Recs. Phila.*, 779 F. App'x 118, 119–20 (3d Cir. 2019) (citing 28 U.S.C. §§ 1331, 1332). "[I]t is the plaintiff who bears the burden of proving that the federal court has jurisdiction." *McCracken v. Murphy*, 129 F. App'x 701, 702 (3d Cir. 2005) (citations omitted); *see also Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J.

2015) ("It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction in order to defeat a motion under Rule 12(b)(1)."). In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id.* (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (alteration in original) (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows 'a court [to] weigh and consider evidence outside the pleadings'" and "[n]o presumptive truthfulness attaches to [the] plaintiff's allegations*." Id.* (first alteration in original) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Id.* (quoting *Mortensen*, 549 F.2d at 891).

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Id.* at 348 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal

theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (alteration in original) (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id.* (citing *Mortensen*, 549 F.2d at 892 (holding dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear that "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id.*

### B.      Rules 12(b)(4) and (5)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure 12(b)(4) allows a party to file a motion to dismiss based on insufficient process, whereas Rule 12(b)(5) is premised on insufficient service of process. *Moses v. Amazon.com.dedc LLC*, Civ. A. No. 16-8675, 2019 WL 7293590, at *2 (D.N.J. Dec. 30, 2019); *see also Disantis v. Allied Constr. LLC*, Civ. A. No. 17-11379, 2018 WL 3647210, at *3 (D.N.J. July 13, 2018). "When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." *Disantis*, 2018 WL 3647210, at *3 (quoting *Laffey v. Plousis*, Civ. A. No. 05-2796, 2008 WL 305289, at *3 (D.N.J. Feb. 1, 2008), *aff'd*, 364 F. App'x 791 (3d Cir. 2010)). Any dismissals under these rules must be without prejudice. *White v. Vydia, Inc., Music Distribs. Cos.*, Civ. A. No. 22-02716, 2023 WL 3675957, at *2 (D.N.J. May 26, 2023).

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Moses*, 2019 WL 7293590, at \*2. Rule 4(b) states that "[a] summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." *See Serfess v. Equifax Credit Info. Servs., LLC*, Civ. A. No. 13-0406, 2015 WL 501972, at \*2 (D.N.J. Feb. 5, 2015). Moreover "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). A court generally does not have jurisdiction over a defendant if there has been insufficient process or service of process. *Id.*; *Salaam v. Merlin*, Civ. A. No. 08-1248, 2009 WL 2230925, at \*3 (D.N.J. July 22, 2009) (holding "that service of process was insufficient for jurisdiction over the party to attach"); *Sunoco v. Mid-Atl. Region Retailer Compliance Ctr.*, Civ. A. No. 10-4941, 2012 WL 2870871, at \*2 (D.N.J. July 12, 2012) ("Properly serving a summons that does not comply with Rule 4 for lack of signature or seal fails to confer personal jurisdiction, and a properly issued summons containing signature and seal fails to confer personal jurisdiction if service is not in compliance with the Rules."). "A *pro se* plaintiff's ignorance of the requirements of [R]ule 4(m) do[es] not constitute good cause for failure to comply." *Moses*, 2019 WL 7293590, at \*2 (quoting *Sykes v. Blockbuster Inc./Viacom*, Civ. A. No. 04-6260, 2006 WL 286785, at \*1 (D.N.J. Feb. 3, 2006), *aff'd sub nom.*, *Sykes v. Blockbuster Video*, 205 F. App'x 961 (3d Cir. 2006)).

### C.      Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* (alterations in original). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the Court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer

9

more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. *Id.* This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaint are plausible. *See id.* at 670.

While, as a general rule, the Court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

### III.   DECISION

#### A.   Rule 12(b)(1) (Subject Matter Jurisdiction)

The Union Township Defendants assert a facial challenge to the Court's subject matter jurisdiction under Rule 12(b)(1) based on Plaintiff's failure to identify a federal statute or constitutional right at issue. (ECF No. 7-5 at 9.) The Union Township Defendants claim there is

no federal statute or constitutional provision protecting Plaintiff against discrimination for his facial tattoo or mandating an hourly worker be offered forty hours of work each week. (*Id.*) The Union Township Defendants also argue Plaintiff has not asserted a claim against any federal governmental entity, as the "White House" is not a government entity, and "the Complaint does not set forth any facts or allegations which would suggest a claim against any branch or agency of the U.S. Government." (*Id.* at 10.)

Here, the Court finds it has subject matter jurisdiction over the dispute, as it liberally construes the *pro se* Plaintiff's Complaint to allege a violation of 42 U.S.C. § 2000e. A *pro se* Plaintiff's pleadings are liberally construed, meaning the Court must attempt to "glean his arguments from the complaint." *Gennarini*, 144 F. App'x at 926; *Cooke*, 2024 WL 1142214, at *2 ("When considering a motion to dismiss the complaint of a *pro se* litigant, courts must bear in mind that such pleadings are held to less stringent standards than more formal pleadings drafted by lawyers."); *Huff*, 2021 WL 307303, at *2 ("Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." (quoting *Higgs*, 655 F.3d at 339–40)). Here, in liberally construing Plaintiff's Complaint, the Court finds Plaintiff asserts a claim under the Civil Rights Act of 1964, found at 42 U.S.C. § 2000e, because he claims he lost work due to a facial tattoo, and seeks relief based on his "civil rights." (ECF No. 1 at 5–6.) Because 42 U.S.C. § 2000e is a federal statute, the Court holds it has subject matter jurisdiction over the case based on federal question jurisdiction. *See Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 82 (3d Cir. 2011) (finding that "[a] federal court has subject matter jurisdiction over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction)"); *Mailey v. Temple Univ.*, Civ. A. No. 24-0869, 2024 WL 1163529, at *2 (E.D. Pa. Mar. 15, 2024) ("Federal-

question jurisdiction exists in 'civil actions arising under the Constitution, laws, or treaties of the United States.'" (quoting 28 U.S.C. § 1331)); *Davis v. King*, Civ. A. No. 22-2892, 2022 WL 1718049, at *1 (D.N.J. May 26, 2022) (finding that "[a] federal court has subject matter jurisdiction over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction)" (quoting *Rockefeller*, 424 F. App'x at 82).

### B.      Rules 12(b)(4) and (5) (Insufficient Process and Service of Process)

The Union Township Defendants argue Plaintiff's Complaint should be dismissed against them under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), as the Summons does not include their name and address, and the Administrator and Clerk were not personally served. (ECF No. 7-5 at 10–11.) The Union Township Defendants argue the Complaint should be dismissed under Rule 12(b)(4) as the Summons does not specify the name and address of the defendants, and no return of service was filed through the ECF system, meaning it is unclear which of the Union Township Defendants Plaintiff intended to serve. (*Id.* at 10.) The Union Township Defendants further assert the action should be dismissed against the Administrator and Clerk pursuant to Rule 12(b)(5) as no good faith attempt was made to serve them personally, rather, the Plaintiff only mailed two copies of the Summons and Complaint to the Township, one via certified mail, and one via ordinary mail. (*Id.* at 11.)

Conshohocken Authority also argues the Complaint should be dismissed against them under Rules 12(b)(4) and (5) because the Summons does not specify the name and address of the defendants, and no return of service was filed through the ECF system. (ECF No. 17-2 at 3.) Conshohocken Authority further asserts the Complaint should be dismissed under Rule 12(b)(5) because the Summons was not served via mail requiring a return receipt and was not served by a sheriff. (*Id.* at 4.)

Here, the Court finds deficiencies in the Summons issued to all defendants other than Allied Universal[7]. Specifically, the Summons only included "Allied Universal Security Company" as a named defendant and did not specify the name and address of any of the defendants served (ECF No. 3 at 1), meaning the Summons was not "directed to the defendant" as required under Federal Rule of Civil Procedure 4(a)(1)(B). *See Nally v. New Jersey Mfrs. Ins. Co.*, 674 F. Supp. 3d 171, 174 (E.D. Pa. 2023).

Regarding service of process, both Union Township and Conshohocken Authority are local governments, meaning they must be served in accordance with Federal Rule of Civil Procedure 4(j). There is no indication the Summons and Complaint were delivered directly to the Chief Executive Officer of either Union Township or Conshohocken Authority pursuant to Federal Rule of Civil Procedure 4(j)(1), meaning Plaintiff's service of these defendants would need to comply with Federal Rule of Civil Procedure 4(j)(2) to be effective. Federal Rule of Civil Procedure 4(j)(2) permits the Plaintiff to serve a copy of the Summons and Complaint "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Therefore, Plaintiff's service of process of the local governments must comply with the state law where the local governments are located.

The Clerk and the Administrator are individual defendants. Consequently, service of these defendants is governed by Rule 4(e). Plaintiff did not directly deliver a copy of the Summons and

---

[7] Although some defendants did not directly challenge process or service of process in this case, the Court may *sua sponte* consider if they were adequately served. *Smith v. Dobin*, Civ. A. No. 18-17515, 2020 WL 747191, at *6 (D.N.J. Feb. 14, 2020) (quoting *Peters v. U.S. Dep't of Hous. & Urb. Dev.*, Civ. A. No. 04-6057, 2006 WL 278916, at *2 (D.N.J. Feb. 1, 2006); *Lewis v. Vestberg*, Civ. A. No. 23-0102, 2024 WL 866349, at *2 (D.N.J. Feb. 29, 2024) ("a Court may sua sponte raise the issue of improper service of process." (quoting *Pearah v. Intercontinental Hotel Grp. PLC*, Civ. A. No. 15-7354, 2016 WL 3548147, at *2 (D.N.J. June 29, 2016)); *Reddy v. MedQuist, Inc.*, Civ. A. No. 06-4410, 2009 WL 2413673, at *2 (D.N.J. Aug. 4, 2009) ("The Court may sua sponte raise the issue of improper service of process.").

Complaint to the Clerk and the Administrator personally (Fed. R. Civ. P. 4(e)(2)(A)), leave a copy at their place of abode (Fed. R. Civ. P. 4(e)(2)(B)), or deliver a copy of the Summons and Complaint directly to their agents (Fed. R. Civ. P. 4(e)(2)(C)). Therefore, the only way for Plaintiff's mail service of the Clerk and the Administrator to be effective would be for it to comply with the requirements of Federal Rule of Civil Procedure 4(e)(1). Rule 4(e)(1) applies to service on an individual and requires compliance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

According to Rule 4(e)(1), the Union Township Defendants may be served in accordance with the New Jersey Court Rules. In the case of the Clerk and Administrator, who are individual defendants, compliance with New Jersey state law satisfies Plaintiff's obligation to serve the individual defendants under Federal Rule of Civil Procedure 4(e)(1) because New Jersey is both the state "where the district court is located" and the state "where service is made." Fed. R. Civ. P. 4(e)(1) (allowing service of individual based on "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"). In the case of Union Township, which is a local government, service by mail also satisfies Federal Rule of Civil Procedure 4(j)(2)'s requirements for service of a local government. Fed. R. Civ. P. 4(j)(2) (permitting service of a local government "in the manner prescribed by [the local government] state's law for serving a summons or like process on such a defendant.") The New Jersey Court Rules provide a general allowance for service of process via "registered, certified or ordinary mail," with such service effectuating personal jurisdiction where the served defendants appear in response to the complaint. N.J.R. 4:4-4(c). Therefore, Plaintiff

may serve the Union Township Defendants via "registered, certified or ordinary mail." N.J.R. 4:4-4(c).

Here, although mail service is acceptable to serve the Union Township Defendants, Plaintiff mailed only two copies of the Summons and Complaint to the three Union Township Defendants, and it is impossible for the Court to determine which of the Union Township Defendants were served, meaning the Court finds service was deficient as to all the Union Township Defendants. Two copies of the Summons and Complaint were sent to the Union Township Defendants via certified and ordinary mail. (ECF No. 7-5 at 11.) However, Plaintiff has named three Union Township affiliated defendants in this case, Union Township, the Clerk, and the Administrator. (ECF No. 1 at 2.) Therefore, service of two copies of the Summons and Complaint is insufficient to serve all three of the Union Township Defendants. Moreover, the Summons does not indicate which defendant it is directed to (ECF No. 3 at 1), meaning it is impossible for the Court to discern from the two summonses which of the Union Township Defendants has been served. Therefore, the Court finds service of process was deficient as to all the Union Township Defendants.

In the case of Conshohocken Authority, Plaintiff's service did not comply with Pennsylvania state law, meaning he did not conform to the requirements of Federal Rule of Civil Procedure 4(j)(2), which requires compliance with the law of the state where the local government is located. Pennsylvania Rule of Civil Procedure 403 authorizes mail service only via "any form of mail requiring a receipt signed by the defendant or his authorized agent." 231 Pa. Code § 403. Conshohocken Authority, via the Certification of Shannon Stewart, states that it "was not served via certified mail, return receipt" (ECF No. 17-6 ¶ 2) and Plaintiff does not contest this certification. Therefore, because Plaintiff did not serve Conshohocken Authority via certified mail

with return receipt, he failed to conform to Pennsylvania law regarding service of process. 231 Pa. Code § 403. Accordingly, Plaintiff did not adequately serve Conshohocken Authority, as he did not comply with the requirements of Federal Rule of Civil Procedure 4(j)(2), which requires service "in the manner prescribed by [the local government] state's law for serving a summons or like process on such a defendant."

Where a court finds a defect in process or service of process, the court will normally decide whether to dismiss the complaint or grant the plaintiff additional time to serve defendants based on whether the plaintiff can show "good cause" for the defect. *See Robinson v. Philip Morris USA, Inc.*, Civ. A. No. 18-1743, 2019 WL 1787637, at *6–7 (E.D. Pa. Apr. 23, 2019); *Mathies v. Silver*, 450 F. App'x 219, 222 (3d Cir. 2011) ("Thus, it is clear that even after six years, multiple extensions, and the appointment of counsel to assist him, Mathies did not properly serve the United States, and his complaint against Silver was subject to dismissal unless he demonstrated good cause for his failure to do so."); *Sampath v. Concurrent Techs. Corp.*, 227 F.R.D. 399, 403 (W.D. Pa. 2005) ("If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." (quoting *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995))). "Good cause" has been likened in the Third Circuit to "excusable neglect" and requires the plaintiff to show "that it made a good faith effort to comply with the rule as well as provide some reasonable justification for its noncompliance." *Sampath*, 227 F.R.D. at 403 (quoting *Suegart v. U.S. Customs Serv.*, 180 F.R.D. 276, 278 (E.D. Pa. 1998)); *McCrae v. KLLM Inc.*, 89 F. App'x 361, 364 (3d Cir. 2004) ("We have described excusable neglect as requiring a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." (quoting

16

*Petrucelli*, 46 F.3d at 1312)); *Khorozian v. McCullough*, 186 F.R.D. 325, 329 (D.N.J. 1999) ("We have emanated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.' (quoting *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995))).

Courts generally do not find technical defects in process or service of process sufficient to dismiss a complaint where a defendant has otherwise "received actual notice and has suffered no prejudice as a result of the defects." *Kornea v. J.S.D. Mgmt., Inc.*, 336 F. Supp. 3d 505, 508 (E.D. Pa. 2018) (quoting *Thompson v. Kramer*, Civ. A. No. 93-2290, 1994 WL 725953, at *5 (E.D. Pa. Dec. 29, 1994)); *see also TEMPO Networks LLC v. Gov't of NIA*, Civ. A. No. 14-6334, 2015 WL 4757911, at *5 (D.N.J. Aug. 12, 2015) (declining to dismiss complaint for insufficient process or service of process "in the interests of justice" as "[t]he NIA Defendants received actual notice of the suit, and there is no showing of prejudice to Defendants"); *Rehman v. Etihad Airways*, Civ. A. No. 19-00653, 2019 WL 12095413, at *7 (M.D. Pa. Nov. 14, 2019) ("Here, we find that MedAire's motion should be denied to the extent that it seeks dismissal for insufficient service of process because the plaintiffs made a good faith effort to serve MedAire and MedAire had actual notice of the suit."); *Robinson*, 2019 WL 1787637, at *6 ("It is well settled that district courts have discretion to dismiss a complaint where a plaintiff has failed properly effect service on a defendant.").

The Court finds Plaintiff can show "good cause" based on "excusable neglect" for the defects in process and service of process in this case, as he is a *pro se* Plaintiff who the Court assumes is unfamiliar with the Rules of Civil Procedure. Moreover, Plaintiff engaged in good-faith efforts to serve the relevant defendants in this case via certified and ordinary mail. Plaintiff's failure to name each defendant in the Summons, to serve the correct number of summonses and

complaints to the Union Township Defendants, and to serve Conshohocken Authority via certified mail with return receipt, are technical mistakes which do not defeat the notice to defendants in this case, as can be seen by their filing motions to dismiss based on the merits of the Complaint. The Court therefore declines to dismiss the Complaint for insufficient process. *See Sampath*, 227 F.R.D. at 403 (quoting *Pinckney v. Sheraton Soc'y Hill*, Civ. A. No. 93-5198, 1994 WL 376862, at *2 (E. D. Pa. July 15, 1994)); *Mite v. Bray*, Civ. A. No. 22-665, 2024 WL 1376052, at *2 (D.N.J. Mar. 28, 2024) (stating that "Courts liberally construe the pleadings and complaints of *pro se* plaintiffs, granting *pro se* litigants some degree of leniency"); *Moore v. Walton*, 96 F.4th 616, 628 (3d Cir. 2024) (holding that "[w]hile Moore may have known the correct spelling of Walton's name for over five months prior to filing the Amended Complaint, we find this did not constitute 'undue delay,' particularly in light of Moore's then-*pro se* status"). Although the Court finds the Complaint should be otherwise dismissed against the Moving Defendants under Rule 12(b)(6), *see infra*, the Court orders the Plaintiff, *sua sponte*, to serve a corrected summons to the non-moving defendants "West Conhoshoken Boro Hall" (ECF No. 1 at 2), "Conshoshoken Borough Administrative Office" (*id.*), "Conshocken Building Insptr" (*id.*),  "City Of Charlotte" (*id.*),  "Old City Hall" (*id.*),  "Charlotte City Manager" (*id.*), and "The White House" (*id.* at 3) within 60 days properly including the name and address of each defendant being served. Moreover, in any future summons served on the Moving Defendants, the Plaintiff must (1) ensure the name and address of each defendant being served is specified in the summons, (2) ensure the summons and complaint are sent to each defendant, and (3) ensure all defendants are served in compliance with the relevant Federal Rule of Civil Procedure.

Accordingly, the Union Township Defendants and Conshohocken Authority's Motions to Dismiss are **DENIED** to the extent they seek to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).

### C.      Rule 12(b)(6) (Failure to State a Claim)

The Union Township Defendants argue the Complaint should be dismissed against them under Rule 12(b)(6) as it "does not contain a single allegation against the Township of Union nor of any of its employees relating to Plaintiff's claims, stated injuries, nor Plaintiff's request for relief." (ECF No. 7-5 at 7.) The Union Township Defendants also submitted a response in further support of the motion indicating that they had not received any reply from Plaintiff to their Motion. (ECF No. 16 at 1.) The Union Township Defendants therefore repeated their request for the dismissal of Plaintiff's Complaint. (*Id.* at 1–2.)

The Allied Universal Defendants claim that Plaintiff's causes of action under Title VII of the Civil Rights Act and NJLAD fail because a facial tattoo is not a protected characteristic under the statutes. (ECF No. 10 at 3.) The Allied Universal Defendants also argue Plaintiff failed to exhaust his remedies before the Equal Employment Opportunity Commission ("EEOC") as required under Title VII of the Civil Rights Act and did not receive the necessary "right to sue" letter from the agency. (*Id.* at 6.) The Allied Universal Defendants further assert Plaintiff failed to make any factual allegations supporting his wage and hour law claims under the laws of New Jersey, New York, Pennsylvania, and North Carolina, as he makes no allegations of when or how any alleged violations occurred. (*Id.* at 6–7.) Regarding Plaintiff's allegation that "1.4 billion" false statements were made against him via text message, the Allied Universal Defendants argue "Plaintiff fails to provide the content of these alleged text messages, or any other associated facts, including whether these statements were communicated to any third party." (*Id.* at 7–8.) Finally,

the Allied Universal Defendants claim the Complaint makes no allegations at all regarding Warburg Pincus. (*Id.* at 8.)

JPMorgan argues Plaintiff's Complaint should be dismissed against it because "Plaintiff fails to make a factual allegation of any kind about JPMorgan [] beyond naming it as a Defendant. Furthermore, Plaintiff fails to accuse JPMorgan [] of any specific wrongdoing or state how JPMorgan [] has acted unlawfully." (ECF No. 14 at 4.)

Bank of America notes that Plaintiff alleges claims under the wage laws of New Jersey, New York, Pennsylvania, and North Carolina, but does not allege any conduct outside New Jersey. (ECF No. 15-2 at 4–5.) Bank of America also argues Plaintiff fails to allege he was ever employed by them, or that they violated any wage laws. (*Id.* at 5.) As to Plaintiff's employment discrimination claim, Bank of America alleges that "[p]eople with tattoos, facial or otherwise, are not among the protected classes under either [the Civil Rights Act or NJLAD]." (*Id.* at 6.) Bank of America also argues the employment discrimination claim is not clearly directed against it, as Plaintiff does not allege anyone from Bank of America employed him or told him he could not work there because of his face tattoo. (*Id.* at 7.) Finally, as to Plaintiff's defamation claim, Bank of America argues this claim contains no factual matter against Bank of America whatsoever and does not allege that any Bank of America representative or employee made any statements about him. (*Id.* at 7–8.)

Conshohocken Authority argues the Complaint contains no allegations against it, meaning it is impossible for the Court to reasonably infer it is liable for any misconduct under any of the alleged causes of action. (ECF No. 17-2 at 4–5.) Specifically, Conshohocken Authority argues Plaintiff does not allege Conshohocken Authority ever employed him or that any of their representatives made any statements against him. (*Id.* at 5.) Conshohocken Authority also argues

that facial tattoos are not a protected class under the Civil Rights Act or any state civil rights statutes. (*Id.*)

Plaintiff does not make any allegations against the Union Township Defendants, JPMorgan, or Conshohocken Authority, and so the Motions to Dismiss from the Union Township Defendants (ECF No. 7), JPMorgan (ECF No. 14), and Conshohocken Authority (ECF No 17) are **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as to these defendants. *See Edwards v. Off. of Essex Cnty. Prosecutor*, Civ. A. No. 13-3710, 2014 WL 546334, at *2 (D.N.J. Feb. 7, 2014) (dismissing complaint against defendant due to "no factual allegations which might support any claims against it"); *Guzman v. Davis*, Civ. A. No. 10-2101, 2010 WL 5146762, at *3 (D.N.J. Dec. 13, 2020) (dismissing complaint against defendant as "[plaintiff's] complaint contains absolutely no allegations that tie [defendant] to the claim of violation of doctor patient confidentiality"); *Mallory v. Verizon*, Civ. A. No. 12-02366, 2015 WL 404369, at *4 (D.N.J. Jan. 29, 2015) (dismissing complaint as it made "virtually no factual allegations at all" against the defendants).

Additionally, Plaintiff does not state a claim under the Civil Rights Act or NJLAD, as he does not allege he was in a "protected class" covered by the statutes. Generally, in order to assert a *prima facie* claim of employment discrimination under the Civil Rights Act and NJLAD, a plaintiff must allege "(1) that [they are] a member of a protected class; (2) that [they were] qualified for the job; (3) that [they were] negatively affected by the defendant's employment decisions; and (4) that [they were] treated less favorably than employees not within the protected class." *Murphy v. Hous. Auth. & Urb. Redevelopment Agency of City of Atl. City*, 32 F. Supp. 2d 753, 763 (D.N.J. 1999); *see also Prass v. N.J. Dep't of Corr.*, 651 F. Supp. 3d 764, 769 (D.N.J. 2023) ("To meet his initial [Title VII] burden, a plaintiff must demonstrate that '(1) [he] belongs to a protected class;

(2) [he] was qualified for the position; (3) [he] was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action.'" (quoting *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003))); *cf. Syder v. Express Servs., Inc.*, Civ. A. No. 20-11013, 2023 WL 2674846, at *2 (D.N.J. Mar. 29, 2023) (to state a discriminatory discharge claim under NJLAD, a plaintiff must allege "that he is a member of a protected class" (quoting *Taylor v. Lincare*, Civ. A. No. 15-6284, 2016 WL 3849852 at *3 (D.N.J. July 15, 2016))). The protected classes under the Civil Rights Act are "race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a)(1), and the protected classes under the NJLAD are

> race, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, pregnancy or breastfeeding, sex, gender identity or expression, disability or atypical hereditary cellular or blood trait of any individual, or . . . liability for service in the Armed Forces of the United States or the nationality of any individual, or . . . refusal to submit to a genetic test or make available the results of a genetic test to an employer.

N.J. Stat. Ann. § 10:5-12. Here, Plaintiff's Complaint makes no allegation that he is a member of any protected class under the Civil Rights Act or NJLAD, neither of which protect against discrimination based on tattoos. Therefore, Plaintiff has failed to state a claim for employment discrimination under either the Civil Rights Act or NJLAD.

Moreover, Plaintiff fails to state a wages and hours claim in the Complaint, as he has not alleged any conduct outside the state of New Jersey or which would violate any wages and hours statute. First, Plaintiff makes no allegation that any events occurred outside of New Jersey, meaning Plaintiff has not stated a viable wages and hours claim under New York, Pennsylvania, or North Carolina law. Second, there is no provision in the NJWHL entitling employees to a 40-hour schedule from any employer. *See generally* N.J. Stat. Ann. §34:1–34:21. Therefore, Plaintiff has failed to state a wages and hours claim.

Plaintiff also does not allege sufficiently detailed facts to support his defamation claim as he only generally alleges that unnamed defendants made "1.4 billion false statements" against him in work schedules and text messages in the City of Newark. (ECF No. 1 at 5.) Plaintiff does not specify the content, dates, or publishing of any specific false statement. Such general allegations fall well short of the specificity needed to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678 (noting that, to prevent dismissal, civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible); *Aragon v. Twp. of Woodbridge*, Civ. A. No. 21-18304, 2023 WL 2570146, at *3 (D.N.J. Mar. 20, 2023) (dismissing complaint in part because "the Court is unable to discern what took place; [Plaintiff] fails to allege what series of events lead to his automobile being impounded, what events transpired afterward, or what actions were taken by Defendants to cause an alleged violation of [Plaintiff's] rights"); *Katz v. Ambit Ne., LLC*, Civ. A. No. 20-1289, 2020 WL 5542780, at *4 (D.N.J. Sept. 16, 2020) ("It is not sufficient to make conclusory or broad-brush allegations regarding defendant's conduct; plaintiff must specifically plead those facts.").

Accordingly, the Allied Universal Defendants (ECF No. 10) and Bank of America's Motions to Dismiss (ECF No. 15) are **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as to the Allied Universal Defendants and Bank of America.

### D.    Leave to Amend

The Union Township Defendants ask the Court to dismiss Plaintiff's Complaint with prejudice because there is "no conceivable scenario under which a municipality and/or its employees could be held liable for the discriminatory and/or wrongful acts of a private employer directed towards one of aforesaid private employer's own employees regarding assignments and

hours." (ECF No. 7 at 8.) Therefore, the Union Township Defendants argue it would be futile for Plaintiff to attempt to amend the Complaint to cure the deficiencies. (*Id.*)

The Allied Universal Defendants, JPMorgan, and Bank of America also ask the Court to dismiss Plaintiff's Complaint with prejudice against them. (ECF No. 10 at 8; ECF No. 14 at 4; ECF No. 15-2 at 8.)

Conshohocken Authority argue Plaintiff's Complaint should be dismissed with prejudice against them as "[t]he Complaint does not contain a single allegation against the Authority, nor against any of its employees" meaning the Court cannot draw "any reasonable inference that the Authority can be liable for misconduct based on any of the alleged causes of action." (ECF No. 17-2 at 4–5.)

The Court grants Plaintiff leave to amend his Complaint based on his *pro se* status and the absence of any equitable reason to deny such leave. The Federal Rules of Civil Procedure generally require the Court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15. Courts also generally grant *pro se* plaintiffs, like Plaintiff here, leave to amend where possible. *See Gambrell v. Arias*, Civ. A. No. 14-6758, 2015 WL 13647384, at *1 (D.N.J. May 5, 2015) (stating that "[b]ased on Plaintiffs' *pro se* status, I will give them leave to amend their complaint"); *Pydeski v. Aetna Ins. Co. Disability Servs.*, Civ. A. No. 18-15305, 2019 WL 13396864, at *2 (D.N.J. Sept. 4, 2019) (noting that "courts in this Circuit are required to grant a *pro se* Plaintiff leave to amend a deficient Complaint unless amendment would be inequitable or futile"); *Johnson v. Performance Food Grp.*, Civ. A. No. 10-3742, 2010 WL 4668346, at *3 (D.N.J. Nov. 5, 2010) ("In light of Plaintiff's *pro se* status, Plaintiff is hereby granted leave to amend his complaint to cure the pleading deficiencies."). Here, Plaintiff has not yet been granted any opportunity to amend his Complaint. Moreover, an attempted amendment would not be futile as Plaintiff may still be able

to plead additional factual content regarding the alleged false statements against him, the circumstances of any wage and hour law violation, or further details regarding any potential employment discrimination. Given that Plaintiff has not yet had a chance to amend the Complaint, the Court does not foreclose the possibility of Plaintiff potentially being able to plead additional facts.  *See Bankwell Bank v. Bray Ent., Inc.*, Civ. A. No. 20-49, 2021 WL 211583, at *3 (D.N.J. Jan. 21, 2021) (holding that amendment of fraudulent transfer claims would not be futile where plaintiff had already contended it had certain evidence which could support an inference of fraudulent transfer, as the court found this evidence could ground a valid claim if properly pled); *Ellingworth v. Hartford Fire Ins. Co.*, 247 F. Supp. 3d 546, 553–54 (E.D. Pa. 2017) (finding plaintiff stated viable employment discrimination claim based in part on employer making negative comments about her tattoo and linking that tattoo to perceived homosexuality); *Munenzon v. Peters Advisors, LLC*, 553 F. Supp. 3d 187, 210 (D.N.J. 2021) ("As for the remaining breach of contract claim (Count I), Munenzon could cure the deficiencies in the Amended Complaint by providing factual allegations regarding the alleged merger or continuation. Therefore, I will allow amendment as to that claim.").

Accordingly, the Court grants Plaintiff leave to amend his Complaint against the Moving Defendants.

**IV.** **CONCLUSION**

For the reasons set forth above, the Moving Defendants' Motions to Dismiss (ECF Nos. 7, 10, 14, 15, 17) are **GRANTED** and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as to the Moving Defendants.


Date: August 6, 2024                              _/s/ Brian R. Martinotti_____
                                                  **HON. BRIAN R. MARTINOTTI**
                                                  **UNITED STATES DISTRICT JUDGE**